SAMUEL F. HULL *vs.* H. A. JOHNSON. & CO.

PROVIDENCE—APRIL 25, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Accord and Satisfaction.    Part Payment.    Unliquidated Damages.*

The defendant was indebted to the plaintiff in the sum of $58.48, and had a claim against the plaintiff in the sum of $50, the value, as he claimed, of property entrusted by him to the plaintiff and lost by the latter.   The plaintiff denied this liability.   The defendant sent the plaintiff a check for $8.48 and a receipt for $50 in settlement.   The check was stamped "Good only if when properly endorsed in full of all demands to date against (the defendant)."   The plaintiff struck out these words and cashed the check and returned the receipt, notifying the defendant that he credited the sum paid on account.   Upon action by the plaintiff for the balance :—

*Held*, that, the amount due being in dispute, the acceptance by the plaintiff of the money offered in settlement amounted to an accord and satisfaction.

(2) *Acceptance of Payment upon Conditions.*

*Held*, further, that the erasure on the check not having been made in the presence of the defendant, being unknown to him at the time, and the plaintiff not having notified him of the rejection of his offer, it did not affect the nature of the transaction as an accord.

(3) *Controversy over Amount Due.*

*Held*, further, that, although there is a technical difference between the case of a controversy as to the amount of a plaintiff's bill and the case at bar, where the dispute is as to a recoupment by the defendant, yet the principle is the same, the essential fact being the existence of a dispute as to the amount due.

ASSUMPSIT on book-account.   The facts are fully stated in the opinion.   Heard on certification from a District Court upon agreed statement of facts.

STINESS, J.   The plaintiff did work for the defendants as a carrier, for which a balance of $58.48 was due.   In the course of his service, in 1895, the defendants sent him a lease of an oven, with instructions to take it from the lessee.   By the agreed statement of facts it appears that he lost possession of the lease, and thereupon the defendants claimed that he was liable to them for its value, fifty dollars.   The plaintiff denied

his liability, and the matter rested until their settlement in August, 1898, when the above balance was due on the plaintiff's account. In settlement of this balance the defendants sent a check for $8.48 to the plaintiff and a receipt for the $50, both under cover of a letter in which the defendants said: "We hereby tender our check for the balance due on your account, which we trust will be satisfactory." On the back of the check these words were stamped: "Good only if when properly endorsed in full of all demands to date against H. A. Johnson & Co." The plaintiff took the check, struck out these words, deposited it on his account, and it was paid, through clearing, six days later, at the National Eagle Bank in Boston, on which it was drawn. On that sixth day the plaintiff returned the receipt for "loss of lease," and notified the defendants that he did not recognize his liability, and credited them with the $8.48 on account. On these facts the defendants claim an accord and satisfaction.

(1) A tender upon a condition is not good as a tender, and payment of a less sum than is due on an undisputed claim, even though it be offered in full settlement, does not bar a recovery for the balance. So far the parties to this suit agree; but the sum tendered having been accepted, and the amount due being in dispute, the question arises whether, under these facts, the parties made a settlement.

Upon this question the great weight of authority is in the affirmative. The law favors the settlement of controversies, and so holds that an offer of money made and accepted on that condition binds both parties. The rule had its origin in cases of unliquidated claims where the settlement was in the nature of a compromise; but it has been extended to all cases of dispute where an offer of settlement has been made and an acceptance signified by taking the money so offered. The law leaves the parties where their acts have put them. The principle on which the rule is founded is that one who takes money offered on condition thereby accepts the condition, and in the absence of fraud or other excuse he is bound by his act. In this case, although the notice stamped on the

back of the check is somewhat vague, we think it clearly means, and must have been understood to mean, that the check was good only if it was accepted in full of all demands against the defendants. The plaintiff, therefore, received it coupled with the condition. Cases upon this subject are fully stated in an exhaustive note to *Fuller* v. *Kemp*, in 20 L. R. A. 785, and need not be repeated. We will refer only to a few recent cases which bear upon the questions arising under the peculiar facts of this case.

(2) The first is whether the plaintiff's erasure of the condition on the check was enough to show that he did not agree to it, and hence that he has not assented to an accord and satisfaction. Numerous cases hold that it is the acceptance of the money, and not one's statement at the time, which binds him. But, however this may be, the erasure on the check was not made in the presence of the defendants, and could not have been known to them until the check had reached their bank and had been paid. The plaintiff gave them no notice of his rejection of their offer, but took their money. He cannot by his own act, unknown to them, change his relation to the transaction. If he had taken the money in their presence upon the same condition, but had said to a third party, without their knowledge, that he would not accept it in full payment, the case would not have been essentially different. And yet in such a case it is evident that he would be held to have accepted the condition.

In *Logan* v. *Davidson*, 45 N. Y. Supp. 961, a defendant sent a check in full settlement, and the next day, probably the day of its receipt, the plaintiff wrote that he credited it on account and declined to accept it as a final payment. But the court held that the acceptance of the money operated as a satisfaction of the claim, and thus constituted a complete accord and satisfaction; that the plaintiff could not accept the money, disregarding the condition, and impose a new condition upon the defendant which destroyed the one on which the payment was tendered.

The same decision was made, upon similar facts, in *Ostran-*

*der* v. *Scott*, 161 Ill. 339 ; *McDaniels* v. *Rutland*, 29 Vt. 230 ; *Looby* v. *West Troy*, 31 N. Y. Sup. Ct. (24 Hun.) 78 ; *Reynolds* v. *Empire Co.*, 92 N. Y. Sup. Ct. (85 Hun.) 470 ; and *Potter* v. *Douglass*, 44 Conn. 541. See also *Bull* v. *Bull*, 43 Conn. 455 ; and *Perkins* v. *Headley*, 49 Mo. App. 556.

(3)     The second question is whether in this case the plaintiff's claim can properly be regarded as disputed, since his bill is admitted and the defendants' claim is distinct from it, by way of recoupment for injury arising from the plaintiff's service. It is true that there is a technical difference between such a case and one of a controversy as to the amount due, but the principle which governs them is the same. Whatever may be the ground of the dispute, the fact remains that there is one. In order to settle the controversy the defendant offers to pay a certain sum on that condition, and the acceptance of the money so offered is as much an acceptance of the condition in one case as in the other. Such was the decision in *Conn. River Co.* v. *Brown*, 68 Vt. 239, where the defendant's claim was based upon a poor quality of lumber delivered and damage arising from failure to deliver it within the time agreed ; also in *Tanner* v. *Merrill*, 108 Mich. 58, where the question in dispute was the right of the defendant to deduct the transportation of the plaintiff to and from his place of business. We are of opinion that the plaintiff's acceptance of the money offered in settlement amounted to an accord and satisfaction and precludes him from maintaining an action for the balance which he claims to be due.

Case remitted to District Court with direction to enter judgment for the defendant for costs.

*Ballou & Tower*, for plaintiff.
*Cooke & Angell*, for defendants.