The complainant filed a bill to have the defendant decreed insolvent. A decree was entered accordingly and a receiver *Page 22 
appointed. The property of the defendant consisted of a parcel of land upon which were erected two uncompleted buildings which were subject to mortgages and other liens. The receiver was authorized by order of the court to sell said property subject to the operation of certain mortgage liens of Robert Broadman and Frederick C. Henn, assignees of Florence Sullivan, Franklin Mortgage Title Guaranty Company, and James Sapienza, and, by virtue of section 81 of the Corporation act (Revision of 1896), clear of other liens and encumbrances. The legality of such order was not questioned, and therefore the opinion of Vice-Chancellor Lewis in Passaic, c., Co. v. Eastside Holding Corp., 105 N.J. Eq. 485,
is inapplicable hereto. The order for sale was consented to by the solicitors of two of the aforesaid mortgagees, Franklin Mortgage Title Guaranty Company and James Sapienza, as appears by their consent subjoined thereto. The receiver made sale thereof and realized the sum of $350 over the mortgage liens. The amount in the hands of the receiver after payment of complainant's costs and costs and expenses of sale appears to be $79.30, and he now seeks to have the above-named mortgagees contribute toward the payment of compensation for himself and his counsel. The sum of $500 is asked therefor. I regard such sum as reasonable. None of the parties in interest have objected thereto as unreasonable. The rule as to allowance of receivers' fees cannot be regarded as limited by sections 85 and 86 of the Corporation act, supra. It is founded also upongeneral principles of equity. The receiver represents the court and acts for the interest of all concerned. As stated by the court of errors and appeals in Seidler v. Branford Restaurant,97 N.J. Eq. 531 (at p. 535), "it would be unfortunate indeed if the rule were that an officer of the court, acting under its direction, is dependent for his expenses and compensation on the success or failure in a commercial sense of his efforts in carrying out the order of the court. Receivers are but the arms of chancery, appointed to preserve the property of corporate and similar entities for the benefit of all parties in interest, and in cases of insolvency to administer the estate under the direction of the *Page 23 
court. In theory of law, at least, a receiver has no part in his own selection, but stands as the representative of the court impartially between the parties. To hold that one thus chosen and thus serving should incur the expenses and perform the duties of the receivership at the risk of these expenses and services being beneficial or otherwise to the estate or to any of the parties in interest would be contrary to the whole theory of his office, deprive the courts of the services in many cases of competent administrators, and be subversive of the administration of this important branch of equity jurisdiction." The question subjudice is whether the mortgagees aforesaid may, upon the facts of the instant case, be required to contribute towards compensation for the receiver and his counsel. It is urged in behalf of the mortgagees that inasmuch as the legality of the mortgage liens was not questioned and the receiver's sale was made expressly subject to such liens, the mortgagees should not be required to so contribute. I am of the opinion that where, as in the instant case, mortgagees refrain from seeking leave of the court to pursue their remedy of foreclosure after the appointment of a receiver of an insolvent corporation, and prosecute foreclosure proceedings to obtain satisfaction of their mortgage debts, but avail themselves of the existing receivership as a means of obtaining satisfaction of such debts, the court appointing such receiver may, in its sound discretion, require such mortgagees to contribute toward compensation allowable to the receiver for himself and his counsel. A fortiori as to two of the mortgagees herein because of their consent in writing to the order for sale of the mortgaged premises by the receiver. It appears to me that the mortgagees having had the advantage of the receivership to have their pledge cared for, and sold to their advantage, and thus saved the expense of proceedings on their own behalf, ought in equity pay for the advantages thus afforded them by the receiver. If instead of availing themselves of the receiver's undertaking to care for the mortgaged property and the receiver's sale to protect their mortgage debts the mortgagees had resorted to foreclosure proceedings to effectuate such purpose, the cost and expenses incident *Page 24 
to such proceedings (including customary allowance of counsel fee) would reasonably approximate the amount asked by the receiver herein. In Clark on Receivers (2d ed.) § 641subdiv. (d) (at p. 887), the author says: "If the lienholders * * * adopt the existing receivership as a means of collecting their debts and do not with reasonable promptness pursue their remedies of foreclosure or otherwise after appointment of receivers, then such lienholders should bear their part of the expenses of the receivership including compensation to the receiver for himself and his counsel," citing Seidler v.Branford Restaurant, Inc., 97 N.J. Eq. 153, 531;127 Atl. Rep. 36. The proofs disclose that for several months prior to the filing of the complainant's bill herein no work had been done upon the buildings under construction, that the buildings were uncared for and likely to deteriorate in value pending the litigation, and, because no windows were in one of the buildings, such building was exposed to the winter elements. The other building, although a little more advanced in construction, was likewise unprotected. Vice-Chancellor Stevenson in Lembeck v.Jarvis Terminal Cold Storage Co., 68 N.J. Eq. 352 (at p.356), aptly stated that allowance to a receiver and his counsel is made on the theory that the encumbrancers who have had the advantage of the receivership to have their pledge cared for, kept in shape for sale and sold to advantage, and thus been saved similar expensive proceedings in a suit on their own behalf, ought in equity to pay for the advantages received. In the same case (at p. 353) the vice-chancellor said: "Every person who accepts a mortgage, or a bond secured by a mortgage, from a corporation, or in any way acquires a lien upon the property of a New Jersey corporation, takes subject to the effect of insolvency proceedings which may subsequently be commenced and in which a receiver may be appointed of all the corporate assets." Such, in my judgment, is a correct statement of the subsisting law.
I will advise a decree allowing compensation in the sum of $500 for the receiver and his counsel, and requiring the above-named mortgagees to contribute sufficient moneys, to be added to the amount now in the hands of the receiver, to make up *Page 25 
said sum of $500. If counsel cannot agree as to the proportionate share to be borne by their respective clients to meet such requirement I will determine the amount thereof on application to me therefor.