NEO SICILIA LOAN CO., INC. *vs.* JOSEPH PERRY *et al.*

MARCH 2, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

FLYNN, C. J. This is an action in assumpsit brought by Neo Sicilia Loan Company, Inc., a Rhode Island cor-

poration, against the defendant and others to recover the sum of $207.70 alleged to be the unpaid balance, with interest, due upon a promissory note in the original amount of $500, executed by the four defendants. The case was originally brought in the District Court of the fifth judicial district, where the defendant Perry entered an appearance and answered, but did not file any special plea. After trial, decision was rendered for the defendant, Joseph Perry, and the plaintiff claimed an appeal to the Superior Court, where the case was tried by a justice thereof, jury trial being waived. Thereupon decision of that court was entered for the defendant Perry, to which the plaintiff duly excepted, and the case is before us on the plaintiff's bill of exceptions to this decision of the trial justice and to certain of his rulings upon the evidence during the course of the trial.

Joseph Perry is the only defendant in the case before this court, the plaintiff having discontinued the case as to the other three original defendants. The principal questions presented are whether the trial justice erred in entering decision for the defendant and whether the trial justice erred in admitting certain testimony in proof of accord and satisfaction under a plea of the general issue.

The transcript of testimony discloses, among other things, that the note in question was executed by Mariano Gomes, Domingo Rodrigues and Joseph Perry for the accommodation of the other maker, John Gomes, who received from the plaintiff the entire proceeds of the transaction. The note was in the usual form of a joint and several obligation and was payable in installments according to its terms. After several payments by John Gomes, the note became in default, at which time there was due approximately a balance of $280. The plaintiff, through its treasurer, then called upon the defendant Perry and demanded of him payment of the entire balance. Perry denied his liability for the *entire* amount due but offered to pay one-fourth thereof in accordance with his under-

standing of the original obligation which he had undertaken. The treasurer finally agreed that if Perry would pay the sum of $93.33 or about one-third of the amount first demanded by the treasurer, and more than Perry understood and claimed was due from him upon his original agreement and obligation, the plaintiff would "let him" (Perry) "go". Perry accepted this offer and then obtained from the plaintiff a loan book as evidence of the amount agreed upon as the liability which he (Perry) owed the company. In this book is entered "Loan of $93.33 . . . Made . . . 12/1/31", and at the last page is written, undisputedly by the plaintiff's officer, "In default of payment by the maker of this note (John Gomes) in the amount of $280.00 you become liable in the amount of $93.33."

This amount, with interest of $1.67, was paid in full by Perry and, upon payment of the final installment, the book was returned to him and he was told that he was "O. K."

It appears that the defendant was an old, uneducated man who understood and spoke English poorly. He did not and could not read the note in question, which he signed by his mark. The testimony shows he relied entirely upon the treasurer of the plaintiff corporation to tell him *his* legal obligation in event he became a co-maker thereon. He signed the note in entire reliance upon the statement of the plaintiff's officer that his obligation, in case of default by Gomes, would amount to one-fourth of the balance then due.

When the plaintiff demanded the *full* balance, a real dispute arose as to how much the defendant Perry owed in accordance with the original condition of his signing and how much he would pay in settlement of the claim against him. It was finally compromised by the plaintiff agreeing to take less than the full amount due and by the defendant paying more than $70, which was the amount he claimed he owed. Based upon this dispute and compromise, the defendant and plaintiff went forward and payment was made by the defendant and received by the

plaintiff in full satisfaction of the compromise amount of $93.33. The book introduced in evidence and its entries in our opinion clearly support the testimony and contention of the defendant. A reading of the transcript, as a whole, discloses ample testimony and evidence to support the finding of the trial justice that there was a *real dispute,* which was compromised and paid by the defendant in accord and satisfaction.

This court has held that accord and satisfaction at common law may be shown under the general issue in an action of contract. *Covell* v. *Carpenter,* 24 R. I. 1. To the same effect 1 C. J. 573, § 111 B.

A tender upon a condition is not good as a tender and payment of a less sum than is due on an *undisputed claim,* even though it be offered in full settlement, and does not necessarily bar a recovery for the balance. The case is different where there is a *real dispute* over the amount due and where the parties to the suit have tendered and accepted respectively an amount in compromise and settlement of the claim. *Bull* v. *Johnson & Co.,* 22 R. I. 66, 67.

We think the above case governs the decision of the instant case as a matter of law. The evidence was presented to the trial justice who had an opportunity to see and hear the witnesses. He found that there was a real dispute and an agreement to compromise the claim by payment by the defendant Perry, and a corresponding acceptance by the plaintiff, of the sum of $93.33. There is ample testimony in the record to support that finding and we cannot say that the trial justice was clearly wrong or that the decision fails to do justice between the parties. *Lane* v. *Beede,* 54 R. I. 168.

The plaintiff's exception, therefore, to the decision upon the grounds that accord and satisfaction was not open to the defendant under the general issue and that the evidence did not show a *real dispute,* cannot be sustained.

The plaintiff also alleges that the trial justice erred in admitting certain testimony of the defendant in proof of

his claim of accord and satisfaction. It argues that oral testimony should not be admitted in evidence to contradict the terms of a promissory note. Unquestionably that is true as a general rule, but the plaintiff mistakes the purpose for which the testimony here was offered and admitted. The defendant did not offer the testimony to contradict or vary the terms of any written instrument or the note in question. A material issue in the case was whether there was a real dispute between the parties over the obligation and amount due thereunder, and whether there was an accord and satisfaction. The testimony was offered solely for the purpose of proving that a *bona fide* dispute existed, and that there was an accord and satisfaction, as evidenced by the loan book in which the plaintiff wrote a substantial release of the defendant, not from his *share,* but from his liability on the defaulted note.

Under the circumstances prevailing, according to the transcript in this case, we do not feel that the trial justice erred in admitting the testimony in question for the purpose above set forth. In our opinion, the trial justice was justified both on the law and the evidence in finding that there was an accord and satisfaction which released the defendant from further liability on the note in question. The plaintiff's exceptions therefore are without merit.

All of the exceptions of the plaintiff are overruled, and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Emilio D. Iannuccillo,* for plaintiff.
*Edward L. Leahy,* for defendant.