JOHN F. CAVANAGH *vs.* BOSTITCH, INC.

DECEMBER 2, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This cause was previously before this court praying, among other things, for an accounting and recovery of certain bonuses and royalties allegedly earned and remaining unpaid under the terms of a contract of employment. See *Cavanagh* v. *Bostitch, Inc.*, 91 R. I. 239, 162 A.2d 785. After our opinion was filed, the respondent, by permission of the court, presented a motion for leave to reargue, setting forth therein certain reasons on which it based its contentions that justice required a reargument of the cause. Upon consideration, we were of the opinion that the following points warranted a reargument: point 3 with reference to the matter of the accounting, point 4 with reference to the applicability of the principle of accord and satisfaction, and point 5 with reference to the applicability of the principle of account stated. As thus limited, the motion for leave to reargue was granted. *Id.*, 91 R. I. 259, 162 A.2d 796. At the reargument the parties presented briefs and were heard orally.

14

We are of the opinion that, in reaching our conclusions concerning the principles of account stated and accord and satisfaction, we neither overlooked nor misconceived any material evidence which would bring the facts of the case within the purview of either of the principles properly defined.

Bouvier's Law Dictionary (1914 ed.) defines accord and satisfaction as, "An agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, which when performed is a bar to all actions upon this account * * *." However, it must be advantageous to the creditor and he must receive an actual benefit therefrom which he would not otherwise have had. *Keeler* v. *Neal*, 2 Watts (Pa.) 424. The principle as thus enunciated remains unaltered and is applicable to the case at bar. Nothing in the circumstances of this case can be argued to bring it within the accepted rule.

The cases which we have read, including but not confined to those called to our attention by counsel, disclose that the doctrine of an account stated is applicable only when one of two situations is present. The statement is rendered by the creditor to his debtor; or, if rendered by the debtor to the creditor, the latter stands in a position with relation to the debtor whereby he does not completely rely upon the latter for verification of the items contained in the statement. It is clear that neither such situation prevails in the instant cause.

Having concluded that the claim to an accounting had not been barred by laches, accord and satisfaction, or an account stated, there remained the question of whether with the passage of time and the loss of certain records an accounting was now possible. The trial justice made no finding in this regard, either expressly or by implication. The determination that an accounting could be had was made by us after a careful review of somewhat conflicting testimony and the pertinent exhibits in the record. We were not un-

mindful that the actual accounting would prove more difficult than would have been the case some years previously, but we were persuaded that despite such difficulties a reasonable accounting could be achieved.

After careful consideration of the arguments made by the respondent, we do not believe that our original opinion should now be altered. The contentions made by respondent enter into the actual accounting and are not persuasive of the question before us, namely, "Can a reasonable accounting be had?" On the basis of the record and a careful review thereof in the light of the reargument, we are of the opinion that our original conclusion was correct.

There being no necessity for changing our conclusion, the cause is remanded to the superior court for further proceedings in accordance with our original opinion.

FROST, J. dissenting. I dissent because I adhere to my original opinion that complainant is barred by laches.

CONDON, C. J., concurs in the dissenting opinion of Mr. Justice Frost.

## ORDER

It is hereby ordered that the order of December 2, 1960 remanding the above-entitled cause to the superior court for further proceedings be vacated; and it is further ordered that the parties may appear in this court on December 14, 1960 to present for our approval a form of decree in accordance with our opinion filed December 2 affirming our original opinion filed July 6, 1960, for entry in the superior court.

Enter: December 6, 1960
(signed) Francis B. Condon
Chief Justice

*Higgins & Cavanagh, Joseph V. Cavanagh, Harold E. Adams, Jr.,* for complainant.

*Tillinghast, Collins & Tanner, Edward H. Hastings,* for respondent.