RHODE ISLAND HOSPITAL TRUST COMPANY *vs.*
THE RHODE ISLAND COVERING COMPANY, INC.

APRIL 23, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J.   After our decision in *Rhode Island Hospital Trust Co.* v. *Rhode Island Covering Co.,* 95 R. I. 30, 182 A.2d 438, certain of the unsecured creditors requested and received permission to file a motion for reargument.   Pursuant to this permission they filed such a motion.

In our opinion granting this motion, *Rhode Island Hospital Trust Co.* v. *Rhode Island Covering Co.,* 95 R. I. 37 182 A.2d 442, we said in part: "The movants contend therein that the court has either overlooked or misconceived the evidence as it relates to the possibility that the bank may

be unjustly enriched in that it may receive the full benefit of its security without participating in or sharing the expenses of the administration of the receivership proceedings that were instituted by it." We then assented to further argument "on the narrow issue of the unjust enrichment of the bank in the circumstances stated."

In that opinion we stated our view that the doctrine of the election of remedies should be confined to cases in which either an unjust enrichment or misleading conduct had been established. We went on to note that there had been no showing that the bank had been unjustly enriched or that a resort to its priority for payment to recover a debt due it, the validity of the acquisition of such priority not being questioned, did not in itself operate to unjustly enrich the bank. At page 442 of that opinion we said: "The bank, by asserting its priority for payment to recover a debt due it, the validity of which is not questioned, is certainly not being unjustly enriched thereby."

On reargument the unsecured creditors, as we understood them, contended that the assertion of its priority for payment by the bank should be viewed as constituting unjust enrichment. The short answer to this contention is that the issue of whether resort to its priority for payment constituted unjust enrichment in all of the attendant circumstances was considered by us and determined on the basis of the evidence and the record. In such circumstances it is the policy of this court to decline to hear further argument on an issue so foreclosed, and it is our opinion that this point was made clear in our opinion granting the motion to reargue.

The unsecured creditors, as we understand them, argue also that the bank would be unjustly enriched if permitted to retain the money paid by the receivers pursuant to its priorities without being required to contribute to the expenses of the receivership proceedings. The doctrine of un-

180

just enrichment is equitable in its nature, and generally it is applied to permit a recovery where one person has received a benefit from another and the retention thereof would be unjust under some legal principle recognized in equity. *Seekins* v. *King*, 66 R. I. 105, 110.

We cannot agree that in the instant case the bank in the assertion of its priority to the secured funds has received any benefit either from the receivers or from the unsecured creditors. Whatever benefit it has received was acquired by virtue of its status as a secured creditor. It is clear that it received nothing to which it was not legally entitled as such a secured creditor, and no question has been raised as to the validity of the acquisition of that status. We cannot perceive in this circumstance that the retention by the bank of the full amount of such secured funds paid it by the receivers would be unjust when viewed in the light of any equitable principle.

Because we take this view, it is our opinion that *Ciavatta* v. *Munn Realty Corp.*, N. J., 149 Atl. 809, is not precisely in point. In that case the receiver was seeking a contribution toward the expenses of the receivership from those who had availed themselves of the benefits of that proceeding, including a secured creditor. We are not in the instant situation required to decide whether the bank, as the petitioning creditor in the receivership proceeding, should or should not contribute in some measure to the expenses of that proceeding. The question with which we are presented is whether the bank has been unjustly enriched by the retention in full of the payments from the security funds made to it by the receivers. We do not perceive that that question was raised in *Ciavatta* v. *Munn Realty Corp.*, *supra*. We are constrained then to hold that the bank has not been unjustly enriched by reason of the payments from the security funds to it, and in reaching this determination it is our opinion that any question as to its obligation to contribute to the expenses of the receivership is not involved.

Since we see no necessity for changing our decision, the cause is remanded to the superior court in accordance with our original opinion.

*Tillinghast, Collins & Tanner, Westcote H. Chesebrough,* for petitioner.

*Zietz, Sonkin & Radin, Leo Sonkin,* Amicus Curiae.