GREENWOOD CREDIT UNION

v.

FLEET NATIONAL BANK.

No. 95–233–A.

Supreme Court of Rhode Island.

April 18, 1996.

Paul DeMarco, Providence.

Alfred G. Thibodeau, Stacy B. Ferrara, Providence.

## ORDER

This case came before the Supreme Court for oral argument on April 9, 1996, pursuant to an order that directed the parties to show cause why this appeal should not be summarily decided. The defendant, Fleet National Bank (Fleet), has appealed from a Superior Court judgment in favor of the plaintiff, Greenwood Credit Union (Greenwood).

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the case will be decided at this time.

On December 20, 1990, Fleet conducted a mortgagee's sale of property, pursuant to a power of sale contained in a first mortgage from Harbor Properties, Inc. (Harbor) to Fleet. The property was further encumbered by a second mortgage to Fleet and a third mortgage to Greenwood. At the sale, Fleet's final bid of $203,000 was accepted, an agreement to purchase was executed by an authorized representative of Fleet, and a $15,000 deposit was paid. At the time of the foreclosure sale, Fleet was owed a total of $152,598.93 under its two mortgage loans, and Greenwood was owed the sum of $51,-906.04 on the third mortgage. Based upon the sale price of $203,000, Fleet would have been compelled to pay surplus funds of $50,-401.07 to Greenwood.

Subsequent to the sale, however, Fleet notified Greenwood that it would not complete the purchase on the $203,000 bid due to a "mutual mistake" of fact caused by a miscal-

culation of the combined balances due on the first two mortgages. Fleet then scheduled a second foreclosure sale, at which Fleet purchased the property for $145,000 and applied the $15,000 deposit it retained from the first sale to Harbor's debt to Fleet. At the time of the second sale, Fleet was owed $162,256.40 under its two mortgages and, consequently, no surplus funds were available for Greenwood.

Following the second sale, Greenwood commenced this action against Fleet seeking payment of the difference between Fleet's offer to purchase the property at the first sale and the purchase price at the second sale. A non-jury trial was held and, on February 3, 1995, the trial justice entered judgment for Greenwood in the amount of $70,269.04, including statutory interest. Fleet filed a timely notice of appeal.

On appeal, Fleet contended that the trial justice erred in holding that a foreclosing mortgagee is not entitled to equitable relief for mistakes made when bidding at its own sale. In essence, Fleet argued that the agreement to purchase the property for $203,000 was based upon Fleet's "mutual mistake" as buyer and as seller and was therefore voidable.

The issue before us is whether an agreement to purchase can be rescinded predicated upon a mistake when the seller and buyer are the same party. The trial justice found that there was no mutuality in the instant circumstances and that Fleet could not unilaterally terminate the agreement it entered into predicated upon its own unilateral mistake. We agree with the trial justice that Fleet is one party, that any mistake made by Fleet was a unilateral mistake, and that a unilateral mistake does not create the right to rescind a contract.

Fleet also argued that the trial justice erred in finding that Greenwood was entitled to judgment absent a finding that Fleet had failed to exercise due care or good faith. Our review of the record has revealed, however, that the trial justice based his decision on the mortgagee's duty to exercise its right of sale in a provident way pursuant to G.L. 1956 (1984 Reenactment) § 34-27-2. We are of the opinion that, as a mortgagee, Fleet

had a duty to exercise due care when it acted as a buyer at the foreclosure sale and that this duty extended to plaintiff.

It is well settled that the findings of a trial justice sitting without a jury are accorded great weight and will not be disturbed unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Capital Properties, Inc. v. State,* 636 A.2d 319, 323 (R.I.1994) We are of the opinion that, in the matter before us, the trial justice properly considered the evidence and determined that Fleet could not unilaterally terminate the agreement to purchase.

Furthermore, this Court is persuaded that sustaining the defendant's appeal would create a situation where bidders would be understandably reluctant to bid at foreclosure sales because of a fear that the sale would later be rescinded by the seller. Therefore, we conclude that, in affirming the trial justice's decision, this Court is sustaining a sound public policy.

Accordingly, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers in this case may be remanded.