Phoenix J. FINNEGAN, a Rhode Island General Partnership

v.

L.K. GOODWIN CO., INC., et al.

No. 99–403–Appeal.

Supreme Court of Rhode Island.

March 14, 2001.

---

Patrick T. Conley, East Providence, for Plaintiff.

Gerard M. DeCelles, Smithfield, Michael J. Brophy, Warwick, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Phoenix J. Finnegan, a Rhode Island General Partnership, (Finnegan) has appealed the denial of its petition to foreclose the rights of redemption of the defendants, Robert E. Verdone and Corrine Verdone (the Verdones). The Verdones redeemed the property at issue by purchasing a redemption deed with quitclaim covenants from the plaintiff, who bought the property at two separate tax sales.[1] The defendant, L.K. Goodwin Co., Inc., (Goodwin) purchased the property from the Verdones after the Verdones allegedly had redeemed the property. This case came before the Supreme Court for oral argument on February 6, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

The plaintiff purchased title to the Verdones' property on Sprague Street in Providence, Rhode Island for $9,306.92 on June 6, 1996, for which it received a tax deed from the Providence City Collector, subject to the right of redemption. On June 19, 1997, plaintiff filed a foreclosure petition in Superior Court. It paid an additional $4,854.59 on June 26, 1997, to the City Collector and received a second

---

1. A default judgment for failure to plead, answer, or otherwise defend, was entered in January 1999 against the defendants Citizens Savings Bank, Atrium Financial Services, and Narragansett Bay Commission.

tax deed for the same property. In September 1997, an order was entered in Superior Court, allowing the Verdones to redeem the property by paying $14,070.38 to plaintiff, who granted the Verdones a redemption deed "with quitclaim covenants" on October 17, 1997.[2] The Verdones immediately conveyed the property to Goodwin and executed a warranty deed in exchange for a purchase money mortgage of $100,000.

In November 1998, plaintiff filed a second petition to foreclose the Verdones' right of redemption on the property at issue, alleging that the deed resulting from the tax sale on June 26, 1997, never had been redeemed by the Verdones. After hearings in January 1999, a Superior Court motion justice denied and dismissed the petition "without prejudice to those issues between Plaintiff and Defendants respecting payment of taxes by Plaintiff, and its claims for said sums as against Defendants, and any legal and/or equitable defenses to said claims." The plaintiff appealed.

■ In its appeal, plaintiff contended that the denial of its petition to foreclose was error because "there was no finding that the underlying tax sale [in 1997] was invalid and the court ignored the clear guidelines of 44-9-29." Pursuant to G.L. 1956 § 44-9-29, a party claiming an interest in the land may be permitted by the court to redeem the property "upon payment to the petitioner of an amount sufficient to cover the original sum, costs, penalties, and all subsequent taxes, costs, and interest to which the petitioner may be entitled, together with the costs of the proceeding and counsel fee as the court deems reasonable." It is undisputed that the amount due under the 1997 tax deed never was paid to plaintiff. Therefore, the issue before us is whether, under these circumstances, plaintiff had the ability to foreclose the Verdones' rights of redemption, given that it had already conveyed to them a redemption deed with quitclaim covenants.

■ The motion justice found that the October 17, 1997 quitclaim deed by plaintiff "in fact, did convey all of the right, title, and interest that [plaintiff] held in the property so that it no longer was in a position to prosecute the present matter that is before the Court." It is well established that findings of fact by a trial justice sitting without a jury "are accorded great weight upon review by this Court, and [that] those factual determinations 'will not be disturbed unless the justice has overlooked or misconceived material evidence or was otherwise clearly wrong.'" *Palazzolo v. State*, 746 A.2d 707, 711 (R.I.2000) (quoting *State v. Collins*, 679 A.2d 862, 865 (R.I.1996)).

Here, the quitclaim deed conveyed by plaintiff did not specify that only one of the tax deeds was being redeemed. Moreover, the order allowing redemption of the property merely stated that "[u]pon receipt of the redemption money, Plaintiff shall execute a redemption deed to the former fee holder(s) restoring the property to the status that existed prior to the City of Providence Tax Sale of June 6, 1996." In the course of the hearings in Superior Court, plaintiff conceded that he erred in conveying the deed without collecting the sum due for the second tax sale, although he argued that "[i]t should have been clear to the parties in interest that they were redeeming only for one sale." The Verdones' counsel responded that the mistake was not immediately apparent because the sum of both tax sales was only approximately $90 more than the amount quoted to them by plaintiff's counsel as necessary for redemption. They did admit, however,

---

**2.** An "Itemized Statement of Redemption Costs" revealed that the $14,070.38 paid to plaintiff covered only the amount of the 1996 tax, plus various penalties, interest, costs and attorney's fees, but did not cover the tax, penalty, interest, costs and attorney's fees for the 1997 tax sale. The amount purportedly required to redeem the 1997 tax deed was an additional $7,825.20.

that they had been informed that two separate tax sales had taken place and that an "equitable argument [could] be made that [they] were unjustly enriched." Based on this premise, the motion justice found that plaintiff held an interest under the 1996 and the 1997 foreclosures and that "all of the parties to this matter at the time of the conveyance were unaware * * * of the facts." The plaintiff's petition to foreclose was denied and dismissed without prejudice to those issues respecting plaintiff's claim for the remaining taxes due. The plaintiff appealed.

Pursuant to G.L.1956 §§ 34–11–17 and 34–11–18, a quitclaim deed or a deed that includes the words "with quitclaim covenants" obliges the grantor to warrant and defend the granted premises to the grantee against all claims on the premises made through the grantor. Moreover, § 34–11–28 states that "[i]n any conveyance of real estate all rights, privileges, and appurtenances belonging or appertaining to the granted estate shall be included in the conveyance, *unless a different intention shall clearly appear in the deed,* and it shall be unnecessary to enumerate or mention them either generally or specifically." (Emphasis added.) Any interest that was reserved or not conveyed by the deed should have been noted in plaintiff's quitclaim deed. *See Lapre v. Flanders,* 465 A.2d 214, 216 (R.I.1983) (holding that landowners conveyed away the totality of their rights in condemned land when they executed a quitclaim deed that contained no express limitations). Consequently, once plaintiff conveyed the premises to the Verdones by quitclaim deed, absent any limitation in the quitclaim deed specifying that the redemption applied only to the 1996 tax deed, all of plaintiff's interest in the property was extinguished by its granting the October 17, 1997 deed, including the ability to foreclose the Verdones' right of redemption. Any mistake that plaintiff made by omitting the amount due for the 1997 tax deed was unilateral and did not invalidate the redemption deed. *Boccarossa v. Watkins,* 112 R.I. 551, 557, 313 A.2d 135, 138 (1973) (holding that "a unilateral mistake in the formation of a contract affords the errant no relief"); *see also Greenwood Credit Union v. Fleet National Bank,* 675 A.2d 415, 416 (R.I.1996) (mem.) (holding that "a unilateral mistake does not create the right to rescind a contract").

For these reasons, we are of the opinion that the motion justice properly considered the evidence and correctly determined that the plaintiff could not foreclose the Verdones' rights of redemption in respect to the June 26, 1997 tax sale.

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers in the case may be remanded.

Chief Justice WILLIAMS did not participate.