[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter comes before this Court pursuant to a motion for summary judgment filed by Phoenix J. Finnegan, a Rhode Island general partnership, (hereinafter "Plaintiff"). The Plaintiff requests that summary judgment enter on its behalf and seeks a determination that Robert Verdone and Corrine Verdone (hereinafter "Defendants" or "Verdones") have been unjustly enriched.[1] In its Complaint, Plaintiff alleges that the amount it paid at the June 26, 1997 tax sale was $4,854.59.[2]
 I. FACTS
This case represents the second round of a dispute, which resulted in an appeal to the Rhode Island Supreme Court. The facts as summarized by the Court in Finnegan v. L.K. GoodwinCo., Inc., 768 A.2d 422 (2001) are not presently in dispute.
As the Supreme Court stated in Finnegan v. L.K. Goodwin,Inc.,
 "The Plaintiff purchased title to the Verdones' property on Sprague Street in Providence, Rhode Island for $9,306.92 on June 6, 1996, for which it received a tax deed from the Providence City Collector, subject to the right of redemption. On June 19, 1997, plaintiff filed a foreclosure petition in Superior Court. It paid an additional $4,854.59 on June 26, 1997, to the City Collector and received a second tax deed for the same property. In September 1997, an order was entered in Superior Court, allowing the Verdones to redeem the property by paying $14,070.38 to plaintiff, who granted the Verdones a redemption deed "with quitclaim covenants" on October 17, 1997. The Verdones immediately conveyed the property to Goodwin and executed a warranty deed in exchange for a purchase money mortgage of $100,000.
 In November 1998, plaintiff filed a second petition to foreclose the Verdones' right of redemption on the property at issue, alleging that the deed resulting from the tax sale on June 26, 1997 never had been redeemed by the Verdones. After hearings in January 1999, a Superior Court motion justice denied and dismissed the petition `without prejudice to those issues between Plaintiff and Defendants respecting payment of taxes by Plaintiff, and its claims for said sums as against Defendants, and any legal and/or equitable defenses to said claims.'"
Finnegan, 768 A.2d at 423-424. (Footnote omitted) (hereinafter "Finnegan I").
The Supreme Court affirmed the Superior Court's decision, which concluded the Plaintiff had conveyed all of his right to title and interest in the property by way of the quitclaim deed, and, therefore, could not bring a second action to foreclose the right of redemption. Although the Supreme Court affirmed the grant of summary judgment and found the Plaintiff to be precluded from foreclosure, the Court unambiguously noted that the Superior Court motion justice had denied Plaintiff's petition "without prejudice to those issues . . . respecting payment of taxes by Plaintiff, and its claims for said sums as against Defendants, and any legal and/or equitable defenses to said claims." Id. at 424. The Supreme Court also explicitly mentioned that the Defendants admitted they had knowledge of the two separate tax sales and also recognized that the Defendants conceded an "equitable argument [could] be made that [they] were unjustly enriched." Id. at 424-425. The Plaintiff now seeks to recover from the Defendant based on the theory of unjust enrichment.
 II. STANDARD OF REVIEW
The Rhode Island Supreme Court has oft repeated the standard this Court must employ when ruling on a motion for summary judgment. "Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville RacingAssociation, 603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v.State, 427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297
(R.I. 1980)); Super. Ct. R. Civ. P. 56(c). When the moving party sustains its burden "[t]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise, they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Bourg v. Bristol Boat Co., 705 A.2d 969
(R.I. 1998) (citing St. Paul Fire Marine Insurance Co. v.Russo Brothers, Inc., 641 A.2d 1297, 1299 (R.I. 1994)).
During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Palmisciano, 603 A.2d at 320 (citing Lennon v. MacGregor, 423 A.2d 820 (R.I. 1980)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact. Id. (citing Rhode IslandHospital Trust National Bank v. Boiteau, 376 A.2d 323 (R.I. 1977)). Therefore, "when an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id. (Citations omitted).
 IV. ANALYSIS
The Plaintiff's theory of recovery in this case is premised upon the doctrine of unjust enrichment. "The doctrine of unjust enrichment is equitable in its nature, and generally it is applied to permit a recovery where one person has received a benefit from another and the retention thereof would be unjust under some legal principles recognized in equity." Rhode IslandHospital Trust Company vs. The Rhode Island Covering Company,Inc., 96 R.I. 178 (1963). To recover for unjust enrichment, one must prove the following elements.
 "First, a benefit must be conferred upon the defendant by the plaintiff. Second, there must be an appreciation by the defendant of such benefit. Finally, there must be an acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without paying the value thereof." Walco Power Service, Inc. vs. Maplehurst Farm, Inc., 1987 WL 859455 (R.I.Super. 1987) (citing Bailey v. West, 249 A.2d 414 (1969)).
The focus of the three-part analysis is whether ". . . the defendant has derived some benefit from the plaintiff's services and would be unjustly enriched without making fair compensation therefor." Id. (citing National Chain Co. v. Campbell,487 A.2d 132 (R.I. 1985)).
The Plaintiff contends that, based upon the undisputed facts, all three elements of the doctrine, have indisputably been fulfilled because, 1) the Plaintiff's payment of the additional $4,854.59 in taxes at the second tax sale conferred a benefit on the Defendants in that they received title to the subject property free and clear of an additional $4,854.59 in tax liabilities; 2) the Defendants appreciated such benefit by not having to pay the taxes and were aware of the benefit, because they admittedly had knowledge of the second tax sale; and 3) retention of the benefit by the Defendants would be unjust. Essentially, the Plaintiffs argue that the Defendants will receive a windfall if they are allowed to retain this benefit without being required to reimburse the Plaintiff for its payment of the additional $4,854.59 in taxes to the City.
In response to the Plaintiff's contentions, the Defendants argue that they have received no such benefit and urge this Court to find that they have not been unjustly enriched for several reasons. First, the Defendants attempt to characterize the failure to pay the amount due pursuant to the second tax sale as trivial because the amount the Defendants paid the Plaintiff to prevent the foreclosure, $14,070.38, was approximately only $90.00 less than the sum of both tax sales, $14,161.51. The Defendants cite the Itemized Statement of Redemption as support thereof. In making this argument, however, the Defendants overlook the fact that the $14,070.38 paid to the Plaintiff solely applies to the amount the Plaintiff paid to the City at the first tax sale and the expenses incurred as a result thereof. This fact is clearly evidenced by the Itemized Statement of Redemption Costs, which itemizes and lists the costs leading to the amount due. In fact, at footnote two of the Supreme Court's decision, the Court stated,
 "An Itemized Statement of Redemption Costs" revealed that the $14,070.38 paid to plaintiff covered only the amount of the 1996 tax, plus various penalties, interest, costs and attorney's fees, but did not cover the tax, penalty, interest, costs and attorney's fees for the 1997 tax sale. The amount purportedly required to redeem the 1997 tax deed was an additional $7,825.20."
Finnegan I, 768 A.2d at 424, n. 2. Consequently, the Defendants' attempt to minimize the benefit they received is without merit.
Secondly, the Defendants argue that the doctrine of accord and satisfaction applies to this case and bars the Court from finding they have been unjustly enriched. The Rhode Island Supreme Court has defined the doctrine as "[a]n agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, which when performed is a bar to all actions." Kottis v. Cerilli, 612 A.2d 661, 664 (R.I. 1992) (quoting Cavanagh v. Bostitch, Inc., 92 R.I. 12, 14,165 A.2d 728, 729 (1960)). Our Supreme Court has stated: "Where a dispute has arisen between the parties as to the amount due — the creditor's taking of a check for less than the amount he claims to be due operates to extinguish the debt." Allstate Ins. Co. v.Lombardi, 773 A.2d 864 (R.I. 2001). See also Lamoureaux v.Merrimack Mutual Fire Insurance Co., 751 A.2d 1290, 1293 (R.I. 2000); Neo Sicilia Loan Co. v. Perry, 57 R.I. 441, 444,190 A. 457, 459 (1937); Hull v. Johnson, 22 R.I. 66, 68, 46 A. 182, 182-83 (1900). It has also been noted that a creditor's acceptance of a check explicitly tendered as payment in full of an unliquidated or disputed obligation discharges the underlying obligation by accord and satisfaction. Allstate Ins., 773 A.2d at 873, n. 4 (citing Vitauts M. Gulbis, J.D., Annotation, ModernStatus of Rule That Acceptance Of Check Purporting To Be FinalSettlement Of Disputed Amount Constitutes Accord andSatisfaction, 42 A.L.R.4th 12, 18 (1985)). Furthermore,
 "Consideration is an essential element of an accord and satisfaction . . . the settlement of a disputed or unliquidated claim furnishes the consideration necessary to form a binding contract of accord and satisfaction. When the amount of the underlying obligation is liquidated or undisputed, in the absence of other legal consideration, these authorities have taken the view that acceptance of a full-payment check does not discharge the underlying obligation since the purported accord and satisfaction is unsupported by legal consideration."
42 A.L.R. 4th at 18.
There must be a dispute as to the amount owed in order for there to be sufficient consideration to support the defense of accord and satisfaction. In this case, there was not a dispute as to the amount due. There is no evidence to support the position that the payment of $14,070.38 contemplated a compromise payment for all taxes paid at both tax sales. Instead, the undisputed evidence is that the payment was on account of the first tax sale only. The evidence shows that the second tax sale was not considered at the time of the redemption and there was no dispute as to what was due at that time. Therefore, the parties did not negotiate the redemption price with the second tax sale in mind.
The Defendants' final argument in their attempt to defeat the Plaintiff's motion is the application of the defense of laches. The Defendants' argue that the defense should bar the Plaintiff's claim because "Goodwin and Verdone relied on the pay-off figure given by Phoenix J. Finnegan, as being the entire sum due."
To successfully apply the doctrine of laches, the Defendants must first show negligence on the part of the plaintiff that leads to a delay in the prosecution of the case. Fitzgerald v.O'Connell, 120 R.I. 240, 245, 386 A.2d 1384, 1387 (1978). If the first element can be established, the Defendants must then establish that the delay has resulted in prejudice. Id. The application of the defense of laches is generally committed to the discretion of the trial justice. Nickerson v. Cass,93 R.I. 495, 498, 177 A.2d 384, 385-86 (1962).
While the Defendants may indeed suffer a loss, this Court is not persuaded that the Plaintiff should be required to bear the burden for such a loss because the Defendants cannot sufficiently establish they were prejudiced by the Plaintiff's delay. It has been admitted that the Defendants were aware of the second tax sale at the time they paid the $14,070.38.[3] The evidence also clearly shows that this amount did not relate to any costs or expenses in connection with the second tax sale. Notwithstanding this knowledge, the Defendants sold the property to a third party. The Plaintiff's delay cannot, under such circumstances, be considered to have caused prejudice to the Defendants. The Defendants were fully aware of the windfall in their favor occasioned by the Plaintiff having satisfied a tax liability that otherwise would have been the Defendants' responsibility. I do not find that equity should reward the Defendants under such circumstances.
Although the Plaintiff was dilatory in failing to preserve its interest in the deed, thereby extinguishing any foreclosure claim it may have had against L.K. Goodwin, such failure does not automatically preclude the Plaintiff from pursuing equitable avenues of relief against the Defendants. Neither the Plaintiff's knowledge nor experience in the industry diminishes this result. The Plaintiff paid $4,854.59 at the second tax sale, satisfying a tax liability. To permit the Defendants to realize the benefit of that payment would create an inequitable and unjust result. Therefore, on the basis of the undisputed facts established inFinnegan I, this Court finds that the Defendants have been unjustly enriched and the Plaintiff should be entitled to an appropriate recovery.
 V. CONCLUSION
For the reasons stated above, this Court finds the Defendants' arguments to be without merit and concludes that the Defendants have received a substantial benefit which, if they were allowed to retain, would lead to an unjust result. Therefore, the Plaintiff's motion for summary judgment is granted. Plaintiff shall submit to the Court an order reflecting the disposition of the motion, together with a form of judgment in the amount of $4,854.59, together with statutory interest from June 26, 1997, and costs.
[1] The Complaint contains two counts: Count I purports to state a claim for "quantum meruit;" Count II is entitled "Common Count for Money Paid." Although the Counts are not artfully drafted, the allegations are in the nature of an equitable claim for unjust enrichment, and the parties, in support of and opposition to summary judgment, have impliedly consented to the Court's determination of whether the undisputed facts support a claim of unjust enrichment. See Super. R. Civ. P. 15(b).
[2] The Complaint does not refer to any claim for statutory penalties, although the Plaintiff in its memorandum in support of summary judgment suggests that the Court consider such an award. This Court, for purposes of this motion, considers undisputed the fact that Plaintiff paid to the City of Providence the amount of $4,854.59 at the second tax sale. The amount paid, presumably, was inclusive of penalties. If no such penalties were paid by the Plaintiff, the Court is perplexed by Plaintiff's argument that penalties be added to the claim for unjust enrichment.
[3] Rhode Island Gen L. § 44-9-10 requires that such notice be provided by the city collector through certified mail. The Defendant has never raised an issue as to their failure to receive the requisite notice.