DECISION
After a non-jury trial, Plaintiffs were awarded recovery, under a theory of unjust enrichment, of the contributions that they had made toward the settlement of a mortgage on property that now is owned by Defendant, Thomas C. Cardillo, Jr. (Defendant). See Decision of the Court, dated February 24, 2011. The issue now before the Court is whether, pursuant to G.L. 1956 § 9-21-10, Plaintiffs are entitled to prejudgment interest on that award.
Following this Court's written Decision in the above-captioned matter, Plaintiffs filed a Motion for Entry of Judgment with Interest, pursuant to § 9-21-10. Defendant objects. He contends that the award does not constitute "pecuniary damages" for purposes of § 9-21-10.
It is axiomatic that "when the language of a statute is clear and unambiguous, [this Court] must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." In re Harrison, 992 A.2d 990, 994 (R.I. 2010). If the statute is unambiguous, "there is no room for statutory construction and must be applied as written." Id. Accordingly, "[i]t is only when confronted with an unclear or ambiguous statutory provision that this Court will examine the statute in its entirety to discern the legislative intent and purpose behind the provision."Id. *Page 2 
Section 9-21-10 governs the awarding of interest in "civil actions" on verdicts or judgments for "pecuniary damages." It provides in pertinent part:
 "In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein. . . . This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided." Section 9-21-10(a) (emphases added).
Section 9-21-10 clearly requires "the imposition of interest in any `civil action' in which a verdict or a decision awards `pecuniary damages.'" Murphy v. United Steelworkers of America LocalNo. 5705, AFL-CIO, 507 A.2d 1342, 1346 (R.I. 1986). It is well-settled that the purpose of the prejudgment interest statute is to promote the expeditious settlement of claims. SeeDiMeo v. Philbin, 502 A.2d 825, 826 (R.I. 1986); Roy v.Star Chopper Co., Inc., 584 F.2d 1124, 1135-1136 (1st Cir. 1978) ("The Rhode Island pre-judgment interest statute was enacted to promote the expeditious settlement of claims") (citingIsserlis v. Director of Public Works,111 R.I. 164, 300 A.2d 273, 274 (1973)). Thus, "the Legislature's primary intention was not to add interest but to establish a device to encourage settlement of cases sounding in tort without undue delay." DiMeo, 502 A.2d at 826. Furthermore, by using the words "civil action," the Legislature also "intended to equalize the right of tort and contract litigants to collect interest on judgments." In re Estate of Cantore,814 A.2d 331, 335 (R.I. 2003).
Although there are three categories of damages — compensatory, nominal, and punitive — the Legislature employed the term pecuniary "as a synonym for compensatory," where "[c]ompensatory damages are awarded to a person in satisfaction of or in response to a loss or injury sustained." Murphy,507 A.2d at 1346; see also Liberty Mut. v. Kinser,82 S.W.3d 71, 78 (Tex. App. 2002) (defining an award of damages "as the sum of money the law awards as *Page 3 
pecuniary compensation, recompense, or satisfaction for an injury done or a wrong sustained as a consequence of a breach of contractual obligation or a tortious act"); Dobrowolska ex rel.Dobrowolska v. Wall, 530 S.E.2d 590, 598 (N.C. App. 2000) ("In legal contemplation, the term `damages' is the sum of money which the law awards or imposes as pecuniary compensation, recompense, or satisfaction for an injury done or a wrong sustained as a consequence of either a breach of a contractual obligation or a tortious act[]") (citing 22 Am. Jur. 2d Damages § 1 (1988)). Furthermore, "[t]he word `damages' has a commonly understood meaning: it generally connotes payment in money for a plaintiff's losses caused by a defendant's breach of duty, and is something different from equitable restitution."U.S. v. Balistrieri, 981 F.2d 916, 928 (7th Cir. 1992).
Our Supreme Court has stated that "an action for reimbursement . . . is not the equivalent of a civil action for pecuniary damages." In re Estate of Cantore, 814 A.2d at 335. Indeed, "[i]n equity, restitution is usually thought of as a remedy by which defendant is made to disgorge ill-gotten gains or to restore the status quo, or to accomplish both objectives." Rogers v.Loether, 467 F.2d 1110, 1121 (7th Cir. 1972).
Accordingly, "in the absence of an enforceable contract, the equitable doctrine of unjust enrichment may apply under certain circumstances to prevent a person from retaining a benefit received from another without appropriate payment for same." Doe v.Burkland, 808 A.2d 1090, 1095 (R.I. 2002) (emphasis added).See also Rhode Island Hospital Trust Co. v. Rhode Island CoveringCo., 96 R.I. 178, 179-180, 190 A.2d 219, 220-221 (R.I. 1963) ("The doctrine of unjust enrichment is equitable in its nature, and generally it is applied to permit a recovery where one person has received a benefit from another and the retention thereof would be unjust under some legal principle recognized in equity[]");Merchants Mut. Ins. Co. v. Newport Hospital,108 R.I. 86, 93, 272 A.2d 329, 332 (R.I. 1971) *Page 4 
("Unjust enrichment permits the recovery in certain instances where a person has received from another a benefit, the retention of which, would be unjust under some legal principle, a situation which equity has established or recognized.")
In the instant matter, the Court previously concluded that Plaintiffs failed to prove the existence of a valid contract between the parties. However, the record revealed that Plaintiffs advanced funds to Defendant under the mistaken belief that a contract had been formed. Accordingly, pursuant to the equitable doctrine of unjust enrichment, this Court ordered Defendant to reimburse said funds to Plaintiffs in order to prevent him from retaining the benefit of their mistaken belief. Considering that the nature of this relief is equitable, not legal, the award does not constitute "pecuniary damages" for purposes of § 9-21-10.
 CONCLUSION
In light of the foregoing, the Court concludes that Plaintiffs' relief in this case constitutes equitable restitution that is not entitled to the addition of prejudgment interest pursuant to § 9-21-10. Consequently, judgment shall enter for each of the Plaintiffs in the amount of $16,254.66, without prejudgment interest. The Plaintiffs' Motion for Entry of Judgment with Interest is denied. The Court will enter judgment for the Plaintiffs, but without the addition of prejudgment interest. *Page 1