Sharon LYMAN

v.

**EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND et al.**

No. 96–171–M.P.

Supreme Court of Rhode Island.

April 29, 1997.

William J. Lynch, Richard Skolnik, Providence.

David Barricelli, Providence.

### ORDER

The petitioner, the Employees' Retirement System of the State of Rhode Island (Retirement System or System), seeks review of a declaratory judgment entered in the Superior Court. Without deciding whether the Superior Court had jurisdiction to hear this matter, we grant the petition for certiorari and quash the court's judgment because it failed to uphold the Retirement System's policy that the term employee "shall not include * * * anyone on a student * * * payroll and in no case shall credit be granted for such service."

The respondent, Sharon Lyman (Lyman), began her public school teaching career in 1966. As a condition of her employment, she has been a participant in the Retirement System. Before she began to teach, Lyman worked for Rhode Island College in the Department of Music and Library Services as a student employee from January 1965 to June 1966. During this eighteen-month period of employment Lyman earned a total of $1,039.66. On December 31, 1992, Lyman requested the System to allow her to pur-

chase service credits for the time she worked while she was a student. The System and its retirement board denied her request on the basis of its long-standing policy that the statutory term "employee" "shall not include * * * anyone on a student * * * payroll and in no case shall credit be granted for such service." Lyman then filed a Superior Court declaratory-judgment action pursuant to which a trial justice determined that she had been an employee within the meaning of G.L.1956 (1990 Reenactment) § 36–8–1(2). That section defined an employee as an individual "whose business time is devoted exclusively to the services of the state, but shall not include one whose duties are of a casual nature." *Id.* Pursuant to an order we required the parties to show cause why this matter should not be decided summarily. After reviewing their submissions, we conclude no cause has been shown.

Because the System's and the retirement board's interpretation of § 36–8–1(2) as applied to Lyman's work as a student employee is not inconsistent with the statutory exclusion of employees "whose duties are of a casual nature," we believe the Superior Court erred in failing to give this administrative interpretation its proper deference. *See* § 36–8–1(2) ("[t]he retirement board shall determine who are employees within the meaning of this chapter"); *Pawtucket Power Associates Limited Partnership v. City of Pawtucket,* 622 A.2d 452, 456–57 (R.I.1993) (deference to an agency's interpretation of a statute it administers "is accorded even when the agency's interpretation is not the only permissible interpretation that could be applied").

Accordingly we grant the petition for certiorari, quash the judgment of the Superior Court, and remand the papers in this matter to the Superior Court with our decision endorsed thereon.