### Jacqueline DeANGELIS, Administratrix of the Estate of Germaine Chouinard

v.

### CRESTWOOD NURSING AND CONVALESCENT HOME, INC.

### No. 96–95–Appeal.

Supreme Court of Rhode Island.

May 15, 1997.

Merrill J. Friedemann, Providence.

Patricia Buckley, C. Russell Bengtson, Providence.

#### ORDER

This case came before the court for oral argument May 8, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Jacqueline DeAngelis, in her capacity as administratrix of the estate of Germaine Chouinard, has appealed from the entry of judgment as a matter of law in favor of defendant Crestwood Nursing and Convalescent Home, Inc. (Crestwood). The action for personal injury was based upon an extensive bruise that was observed on the left side of the body of Ms. Chouinard, who was an 84–year–old resident of Crestwood who had suffered a paralyzing stroke in 1986. The

bruise was observed by a supervising nurse on September 2, 1989 and was later observed by daughters of Ms. Chouinard during a visit with their mother. Ms. Chouinard died in 1993. The original complaint was filed August 13, 1991 during the lifetime of the decedent but was amended after her death to substitute her administratrix as a party plaintiff.

There was no direct evidence of the cause of the bruise. Witnesses for plaintiff testified that a former employee of Crestwood had been terminated for misconduct. The witnesses indicated a suspicion that this employee may have been involved in the injury to the decedent. However, the trial justice found no evidence that this employee was even on the premises at the time the bruise occurred. The trial justice granted a motion for judgment as a matter of law holding that even viewing the evidence in the light most favorable to plaintiff and giving that party the benefit of all reasonable and legitimate inferences which may be properly drawn therefrom without sifting or weighing the credibility of the witnesses, there was insufficient evidence to create a jury question. He further held that any determination of liability would be based on speculation.

The analysis adopted by the trial justice was in accordance with our prior standards in passing upon a motion for directed verdict which was the precursor of the present judgment as a matter of law under rule 50 of the Superior Court Rules of Civil Procedure. *See e.g., Izen v. Winoker,* 589 A.2d 824, 827 (R.I.1991); *Haxton's of Riverside v. Windmill Realty,* 488 A.2d 723, 724 (R.I.1985); and *Rickey v. Boden,* 421 A.2d 539, 543 (R.I. 1980). This court's standard of review is the same standard as that applied by the trial justice. *Palmisciano v. Burrillville Racing Association,* 603 A.2d 317, 320 (R.I.1992). We have analyzed the evidence in the case and agree with the trial justice that in the absence of direct evidence of any causation of the bruise, even viewing the evidence in the light most favorable to plaintiff and drawing all reasonable favorable inferences therefrom, could not justify a reasonable jury in finding for plaintiff without relying upon mere speculation or suspicion.

Consequently, the plaintiff's appeal is denied and dismissed. The judgment entered in the Superior Court is affirmed. In the light of our holding on this issue, it is unnecessary to reach the plaintiff's appeal from the denial of her motion for new trial assuming without deciding that such a motion was proper in the circumstances.