DECISION
These cases are before the Court on Plaintiffs' claims for damages pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1, et seq. hereinafter referred to as "The Act."
In neither of the cases before the Court are the facts in dispute. In the DeMelo case, plaintiffs were pedestrians injured in an automobile accident on December 14, 1990 in East Providence. The intervenor, Jose S. Cabral, was insured by Metropolitan Property and Casualty Insurance Company (Metropolitan). On April 11, 1991, plaintiffs executed a "Release of all Claims" in favor of Jose S. Cabral and Metropolitan. Each release stated in pertinent part that plaintiffs:
. . . released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns, release, acquit, and forever discharge Jose S. Cabral and Metropolitan Property Casualty Ins. Co. and any and all other persons, firms, and corporations of and from any and all actions, causes of action, claims or demands for damages, costs, loss of use, loss of services, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from an occurrence or accident that happened on or about the 14th day of December, 1990, at or near East Providence, R.I.
Plaintiffs also filed for compensation under The Act and the intervenor has moved to dismiss based upon the above-cited release.
Likewise, in the case of Estate of Kevin A. Smith v. State ofRhode Island, plaintiff was injured as a result of an automobile/pedestrian collision. This accident occurred in the City of Newport on January 4, 1990. The vehicle, owned by the Martin Luther King Center of that city, was operated by Dianne J. Wilson. Wilson left the scene of the accident and was later charged with several offenses including driving under the influence of intoxicating liquors. On the date of the accident, the vehicle was insured by Hartford Insurance Company (Hartford). On October 30, 1990, the Conservator of the plaintiff's estate executed a "Release and Settlement of Claim." There is no need for the Court to cite this release because, not surprisingly, it is identical to the clause cited above in the DeMelo case.
Also, as in the DeMelo case, plaintiffs filed an action under The Act. Here, however, the defendant State of Rhode Island has moved to dismiss based on the general release.
Therefore, the issue raised in each of the instant cases is the same, that is: Is a plaintiff, pursuant to the Criminal Injuries Compensation Act, precluded from filing a successful claim and receiving compensation after the plaintiff has executed a "General Release of all Claims?"
In both cases, the intervenor and/or defendant have moved for Summary Judgment on the Pleadings. Our Supreme Court has repeatedly held that because summary judgment is such an extreme remedy, it must be applied cautiously. Hydro-Manufacturing. Inc.v. Kayser-Roth Corporation, 640 A.2d 950 (R.I. 1994). In ruling on such a motion, the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion. Palmisciano v. Burrillville Racing Association,603 A.2d 317 (R.I. 1992). Summary judgment is proper only when there is no ambiguity as a matter of law. Holiston Mills. Inc. v.Citizens Trust Co., 604 A.2d 331 (R.I. 1992).
In the Smith case, the defendant State of Rhode Island was not a party to the release but now seeks to dismiss the case based upon its provisions. Our Supreme Court has held that a general release purporting on its face to run in favor of "all other persons, firms or corporations", will not bar claims against an unnamed third party who invokes its omnibus language when the participants in the original settlement did not, as a factual matter, intend to release that party from liability. Furthermore, one purpose of looking behind the omnibus language in a release and ascertaining the true intentions of the parties is to prevent third-party defendants from taking gratuitous advantage of releases in which they took no part. MarrScaffolding Co., Inc. v. Fairground Forms, Inc., 682 A.2d 455
(R.I. 1996).
In the Smith case, the plaintiffs claim that there was never any intention to release the defendant. In fact, it was only after the settlement of the insurance claim that suit was filed under The Act. The State of Rhode Island has been unable to offer any evidence to the contrary. Therefore, defendants motion to dismiss is denied and plaintiffs case will be scheduled for a settlement conference under The Act.
As to the DeMelo case, the motion for judgment on the pleadings is denied based upon what the Court finds to be a dispute as to a material fact, that is, whether the parties intended to release the State of Rhode Island by the execution of the release. Since summary judgment is proper only when there is no ambiguity as a matter of law, the intervenors motion must be denied.
Furthermore, the motion itself or a factual hearing on it appears to be premature. The extent of the liability of the intervenor will only arise if the State of Rhode Island, pursuant to The Act, seeks to recover from the offender. Section 12-25-10
(a) of The Act states in pertinent part:
 Whenever any person is convicted of an offense and a judgment or order approving a settlement for the payment of compensation is or has been entered under this chapter for a personal injury or death resulting from the act constituting such offense, the State of Rhode Island may institute an action against that person for the recovery of the whole or any specified part of the compensation . . . (Emphasis Added).
Since The Act states that the state may recover, it appears that the defense raised by the intervenor that he has been released would be more properly considered, when, and if, the state seeks to recover any funds from the offender. Also, the Court is unaware of any case where the state has actually sought such recovery from an offender nor can the state point to any such example. Therefore, for this Court to dismiss the action based upon a theoretical event that has never occurred in the past would be contrary to the stated purpose of The Act, that is, to compensate innocent victims of crime.
Therefore, both cases are to be scheduled by the Court for settlement conferences and/or hearings. Nothing contained in this decision is intended to be a finding as to whether either plaintiff is a victim as under The Act or to set the amount of compensation, if any, to which any plaintiff may be entitled.