DECISION
Before this Court for decision are the Plaintiffs' and Defendants' cross-motions for summary judgment on a declaratory judgment action. Jurisdiction is pursuant to G.L. 1956 § 9-30-1.
 FACTS AND TRAVEL
The Plaintiffs, owners of condominium units at the Newport Onshore Condominium, brought this action against the Defendants, members of the Board of Directors of Newport Onshore Marina, Inc. (Board) and the Newport Onshore Marina, Inc. (Newport Onshore), seeking injunctive relief and a declaratory judgment with regard to a change in the assessment of common expenses. The parties stipulated to the following facts:
In 1987, Newport Onshore recorded a "Fifth Amendment to the Declaration" (hereinafter the Marina Declaration) which established the so-called Marina Phase of Newport Onshore. The Marina Phase consists of Units M1 through M65 and a 65 slip marina. The actual Marina Units are 65 individual lockers, equal in size, for use as storage for boat equipment. Each of the lockers is a separate condominium unit and has an equal .2429 percent allocated interest in the common elements of the condominium. Appurtenant to each Marina Unit is the exclusive right to use a specific boat slip in the Marina. There are forty-three 40' slips; nine 45' slips; one 50' slip; four 60' slips; two 70' slips; five 90' slips; and one 110' slip. All of the boat slips are located next to either floating docks or, in the case of the 90' and 110' slips, next to a fixed dock.
Beginning with the Marina Declaration of the Marina Phase in 1987 until 2005, common expenses were assessed against each unit owner in an amount equal to 1/65th — the proportion of ownership interest — of the Association's budget. However, the assessment was changed in March of 2005 by the current Board (the named Defendants) who were installed as members of the Board in 2004. On March 25, 2005, the Board informed all marina members that the common expenses would be assessed based on the length of their slips, rather than ownership percentage. The Board utilized the slip size assessments for the 2006 year as well.
In changing the assessment method, the Board was acting pursuant to Article VI of the Marina Declaration which provides in pertinent part,
 "The Maintenance Fee for each Marina Unit shall be determined by applying a fraction, the numerator of which is the number of Marina Units owned by a particular Marina Owner and the denominator of which is the total number of Marina Units in the Marina as of the first day of each fiscal year of the Marina Association, to the total of all Common Expenses as determined by the Board, and shall then be assessed against and prorated among all of the Marina Unit Owners in proportion to the number of Marina Units owned. Provided, however, that the Board of Directors may, in its reasonable discretion, allocate between Marina Slips of differing size those budget items which it determines are reasonably related to the size of a slip. These budget items may include, without limitation, cleaning, maintenance, utility and insurance costs. Such an allocation if adopted, will result in Marina Unit Owners being assessed different maintenance fees based on the size of the slip used." (Emphasis added.)
Relying on the verbiage which is emphasized above, the Board reasoned that it costs a certain amount of money each year to maintain, repair, and operate the Marina and the unit owners with the larger slips receive a greater benefit of each dollar because they enjoy the use of a larger slip. Thus, the Board determined that the certain costs were reasonably related to slip size.
 ISSUE IN CONTENTION
The new assessment method inspired the institution of this action. The Plaintiffs seek a declaration that the new method of assessing common expenses based on slip size violates the Rhode Island Condominium Act, G.L. 1956 §§ 34-36.1-1.01, et. seq.
The Plaintiffs contend that § 34-36.1-3.15 prohibits the Defendants from altering the method of common expense calculation. The Plaintiffs assert that none of the exceptions listed in § 34-36.1-3.15(c) is applicable to the Marina and therefore, the common expenses must be calculated based on allocated ownership interest in the common elements. The Defendants argue that both the Marina Declaration and the Condominium Act, particularly the exceptions enumerated in §34-36.1-3.15(c)(1)-(2), allow for the assessment of common expenses based on the size of the marina slip.
 STANDARD OF REVIEW
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville Racing Ass'n,603 A.2d 317, 320 (R.I. 1992) (citations omitted); Super. R. Civ. P. Rule 56(c). When the moving party sustains its burden, "[t]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise, they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact."Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998) (citing St. Paul Fire Marine Ins. Co. v. Russo Bros., Inc.,641 A.2d 1297, 1299 (R.I. 1994)).
During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Palmisciano, 603 A.2d at 320
(citing Lennon v. MacGregor, 423 A.2d 820, 822 (R.I. 1980)). "Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact." Capital Props. v. State,749 A.2d 1069, 1080 (R.I. 1999) (citing Palmisciano,603 A.2d at 320). "`Summary judgment should be granted only if an examination of the pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the party opposing the motion reveals no genuine issue of material fact.'" Stone v. Green Hill Civic Ass'n,Inc., 786 A.2d 387, 389 (R.I. 2001) (quoting Nichola v. JohnHancock Mut. Life Ins. Co., 471 A.2d 945, 947-48 (R.I. 1984)). In a case where both parties have moved for summary judgment, the allegations of each party are treated in the light most favorable to the nonmoving party as if each opposed the corresponding motion for summary judgment. Pontbriand v. Sundlun,699 A.2d 856, 859 (R.I. 1997).
 STATUTORY CONSTRUCTION
"When the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." AccentStore Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226
(R.I. 1996). But, "[w]hen confronted with statutory provisions that are unclear or ambiguous, however, (the courts) examine statutes in their entirety in order to `glean the intent and purpose of the Legislature.'" State v. Flores, 714 A.2d 581,583 (R.I. 1998) (quoting In re Advisory to the Governor(Judicial Nominating Commission), 668 A.2d 1246, 1248 (R.I. 1996)). Our Supreme Court has determined that "[t]he Rhode Island Condominium Act is a consumer protection statute," and as such, it must be construed to effect that purpose. AmericanCondominium Association, Inc. v. IDC, Inc., 844 A.2d 117, 128
(R.I. 2004).
Section 34-36.1-3.15 governs the assessments for common expenses and provides in pertinent part,
 "(b) (1) Except for assessments under subsections (c) — (e), all common expenses must be assessed against all the units in accordance with the allocations set forth in the declaration pursuant to § 34-36.1-2.07(a). Any past due common expense assessment or installment thereof bears interest at the rate established by the association not exceeding twenty-one percent (21%) per year.
 . . .
 (c) To the extent required by the declaration: (1) Any common expense associated with the maintenance, repair or replacement of a limited common element must be assessed against the units to which that limited common element is assigned, equally, or in any other proportion that the declaration provides;
 (2) Any common expense or portion thereof benefiting fewer than all of the units must be assessed exclusively against the units benefited; and
 (3) The costs of insurance must be assessed in proportion to risk and the costs of utilities must be assessed in proportion to usage.
 (d) Assessments to pay a judgment against the association may be made only against the units in the condominium at the time the judgment was entered, in proportion to their common expense liabilities.
 (e) If any common expense is caused by the misconduct of any unit owner, the association may assess that expense exclusively against his or her unit." (Emphasis added.)
Thus, except for the assessments in subdivisions (c)-(e), all assessments for common expenses must be based on the ownership interest allocations provided in the declaration pursuant to §34-36.1-2.07(a).[1]
The Defendants argue that the provision in Article VI of the Marina Declaration[2] which gives the Board the discretion to change the assessment method falls within the exceptions enumerated in § 34-36.1-3.15(c)(1)-(2). However, the Defendants' overlook the use of the term "required" in the introductory statement of § 34-36.1-3.15(c) and the continued use of the compulsory phrase "must be" in each exception. This Court, "presume[s] that the Legislature intended every word, sentence, or provision to serve some purpose and have some force and effect." Pier House Inn, Inc. v. 421 Corp., Inc., 812 A.2d 799
(R.I. 2002); see also, State v. Badessa, 869 A.2d 61, 66
(giving particular emphasis to the descriptive term `a'). In §34-36.1-3.15(c), the legislature authorized certain exceptions to the assessment of common expenses, but used compulsory language. A plain reading of the statute reveals that in order for the exceptions in § 34-36.1-3.15(c) to apply, the declaration mustrequire a different assessment method. The Marina Declaration does not require the new slip size-based assessment.
Additionally, according to the Commissioner's Comment[3]
regarding the statute, subsection (c) allows the declaration to "provide for assessment on a basis other than the allocation made in Section [34-36.1-2.07] as to limited common elements, other expenses benefiting less than all units, insurance costs, and utility costs." This is not the case with respect to the Marina Declaration. The Marina Declaration does not provide for a different assessment; instead, it authorizes the Board to exercise the discretion to change the assessment method — discretion that is not limited to either limited common elements assigned to particular units or to budget items that benefit only a few units.[4]
To allow the Board the discretion to change the assessment method for any and every budget item whenever it determines that budget item is related to a characteristic of a unit would practically abrogate the specifically enumerated exceptions to the assessment of common expenses contained within §34-36.1-3.15(c). See McCarthy v. Environmental Transp.Services, Inc., 865 A.2d 1056, 1060 (R.I. 2005) ("[T]his Court will not construe a statute to reach an absurd or unintended result.") Moreover, allowing the Board the discretion to change the assessment method for common expenses is contrary to the consumer protection purpose of the statute because the Board would have the unbridled ability to alter the assessment method against all the unit owners on any basis it deemed "reasonable." Thus, this Court finds that the provision of Article VI of the Marina Declaration allowing the Board the discretion to change the assessment method for common expenses violates the plain language of § 34-36.1-3.15(c) and frustrates the consumer protection purpose of the Rhode Island Condominium Act as whole.
 CONCLUSION
Based on the foregoing, the Plaintiffs' motion for summary judgment is granted. The Defendants' motion for summary judgment is denied.
Counsel shall submit an order for entry.
[1] Sub-section 2.07(a) provides,
 "The declaration shall allocate a fraction or percentage of undivided interests in the common elements and in the common expenses of the association, and a portion of the votes in the association, to each unit including land only units and state the formulas used to establish those allocations. Those allocations may not discriminate in favor of units owned by the declarant. Except as set forth in § 34-36.1-1.03(7), no minimum percentage interest in the common elements is otherwise required."
[2] The pertinent portion of Article VI provides,
 "Provided, however, that the Board of Directors may, in its reasonable discretion, allocate between Marina Slips of differing size those budget items which it determines are reasonably related to the size of a slip. These budget items may include, without limitation, cleaning, maintenance, utility and insurance costs. Such an allocation if adopted, will result in Marina Unit Owners being assessed different maintenance fees based on the size of the slip used."
[3] P.L. 1982, ch. 329, Section 3 directed that the official comments (commissioners' comments) to the Uniform Condominium Act (1980) be inserted following the corresponding section of this chapter and that they be used as guidance as to the intent of the legislature in adopting this chapter unless the statutory language clearly expressed otherwise in which case the statutory language prevails.
[4] It should be noted that in this case, the Board did not determine that certain budget items were related to slip size in changing the assessment method. Instead, the Board determined that ALL budget items and common expenses were related to slip size. Thus, the new method assesses all common expenses based on slip size.