DECISION
This case is before the Court on the motion of Defendant Zebra Atlantek, Inc. ("Defendant") for summary judgment against Plaintiff Tijani Olamuyiwa ("Plaintiff"). Defendant argues that Plaintiff's employment discrimination claims are barred by a general release executed by Plaintiff in exchange for a severance package. Defendant further argues that Plaintiff has breached this release by bringing the present action. For the reasons set forth below, this Court grants Defendant's motion for summary judgment.
 I Facts and Travel
For purposes of this motion for summary judgment, the following facts are undisputed. Plaintiff was an employee of Defendant (and of Defendant's predecessor company) beginning in December 2001. In a letter dated October 1, 2004, Defendant informed Plaintiff that he would be laid off in February 2005. Around the same time, Plaintiff alleges that he was subjected to racial epithets by a fellow employee of Defendant. The combination of this experience and an alleged hostile work environment dating back to 2001 led Plaintiff to file a Charge of Discrimination with the Rhode Island Commission for Human Rights ("CHR") pursuant to the *Page 2 
Fair Employment Practices Act ("FEPA") on January 10, 2005. The Charge of Discrimination included a notice that Plaintiff was represented by Attorney Robert Savage. Defendant received a copy of the Charge of Discrimination on January 28, 2005.
In late April 2005, Plaintiff was laid off. At this time, Defendant provided Plaintiff with a "Confidential Waiver Agreement and General Release" (the "Release"), which Plaintiff was required to execute in order to receive a severance package. The Release included provisions releasing Defendant from liability for attorney's fees[1] and discharging all claims arising out of Plaintiff's employment with Defendant, [2] including but not limited to any FEPA claims. On May 5, 2005, Plaintiff signed the Release.[3]
On August 30, 2005, CHR issued to Plaintiff a Notice of Right to Sue. On December 8, 2005, Plaintiff filed his initial Complaint, which was amended on March 19, 2007. The Amended Complaint sets forth claims based on FEPA and the Rhode Island Civil Rights Act. Defendant has denied liability and asserted a counterclaim alleging that Plaintiff has breached the Release by filing the complaint at issue here.
On February 26, 2009, Defendant filed this motion for summary judgment, arguing that "[b]ecause there is no issue of material fact regarding whether Plaintiff signed the Release and subsequently breached the release by filing suit against [Defendant], [Defendant] is entitled to judgment as a matter of law on its breach of contract counterclaim, and Plaintiff's Complaint should be dismissed." (Def. Feb. 26, 2009 Memo at 5.) Specifically, Defendant argues that the *Page 3 
Release is valid under common law principles. Plaintiff has filed an objection, arguing only that FEPA contains a provision which voids the Release as a matter of law. Each party has also filed a reply brief. Defendant argues that by its plain language, FEPA does not void the Release. Plaintiff responds by elaborating on his FEPA argument. Nowhere does Plaintiff contest the validity of the Release on any ground other than FEPA. In fact, Plaintiff expressly declines to address any aspect of Defendant's motion on grounds other than FEPA. Therefore, it is uncontested that Defendant will be entitled to summary judgment if the Release is valid under FEPA.
 II Standard of Review
On a motion for summary judgment, the moving party has the initial burden of (1) bringing forth admissible evidence to suggest that there is no genuine issue of material fact, and (2) establishing that the moving party is entitled to judgment as a matter of law. See Olshansky v. Rehrig Intern.,872 A.2d 282, 286 (R.I. 2005). To survive a motion for summary judgment, the non-moving party need only bring forth admissible evidence to demonstrate that there is a genuine issue of fact material to the legal issues of the case. Id. The hearing justice must view the evidence in the light most favorable to the non-moving party, and may neither weigh the evidence nor otherwise attempt to resolve factual disputes. See Palmisciano v.Burrillville Racing Ass'n, 603 A.2d 317, 320 (R.I. 1992).
This standard reflects the policy that summary judgment is "a drastic remedy" that "should be dealt with cautiously." Estate ofGiuliano v. Giuliano, 949 A.2d 386, 390 (R.I. 2008). Overall, the court should only grant a motion for summary judgment where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See Olshansky,872 A.2d at 286. *Page 4 
 III Analysis
Plaintiff does not dispute Defendant's common law analysis in support of Defendant's motion for summary judgment, [4] but instead argues that the contested Release is void as a matter of law pursuant to two provisions of FEPA: G.L. 1956 §§ 28-5-17 and 28-5-24.1. More specifically, Plaintiff argues that these two provisions bar the entry of any judgment disposing of a FEPA claim on the basis of a release which includes a waiver of attorney's fees. Accordingly, a review of these sections and their applicability to the case at bar is in order.
First, FEPA § 28-5-17(d) provides that:
 The commission shall not enter a consent order or conciliation agreement settling claims of discrimination in an action or proceeding under this chapter unless the parties and their counsel attest that a waiver of all or substantially all attorneys' fees was not compelled as a condition of the settlement.
It is undisputed that the Human Rights Commission did not enter a consent order or conciliation agreement, but instead issued a notice of right to sue. Accordingly, § 28-5-17 does not apply here.
Second, FEPA § 28-5-24.1(d) provides that:
 [T]he [superior] court shall not enter a consent order or judgment settling claims of discrimination in an action or proceeding under this chapter, unless the parties and their counsel attest that a waiver *Page 5 
of all or substantially all attorney's fees was not compelled as a condition of the settlement.
Plaintiff argues that the effect of § 28-5-24.1(d) is to void any release containing a waiver of attorney's fees. However, § 28-5-24.1 does not expressly state that a release which includes a waiver of attorney's fees is void as a matter of law. Nor does § 28-5-24.1 establish any requirements which must be satisfied for a release of discrimination claims to be valid. Instead, § 28-5-24.1 mandates that the court refrain from "enter[ing] a consent order or judgment settling claims of discrimination" unless the court receives an attestation that the agreement is not conditioned on a waiver of attorney's fees.Id. Accordingly, § 28-5-24.1 will only apply to the present case if the court is faced with the possibility of "enter[ing] a consent order or judgment settling claims of discrimination. . . ."
The present motion being contested, it is clear that the Court is not being asked to enter a consent order here.[5] The question is, therefore, whether summary judgment disposing of certain claims on the basis of a general release may be said to be a "judgment settling claims of discrimination."
By the plain meaning of the phrase "judgment settling claims of discrimination," summary judgment enforcing a general release is not a "judgment settling claims of discrimination." Black's Law Dictionary includes the verb form "settle" under the definition of "settlement", which is defined as "[a]n agreement ending a dispute or lawsuit. . . ." Black's Law Dictionary
1377 (7th ed. 1999). In accordance with this definition, a "judgment settling claims of discrimination" may be recast as "an agreed judgment ending a lawsuit claiming discrimination." The words rationally support no contrary reading. Indeed, the phrase "agreed judgment" is synonymously defined by Black's Law Dictionary as "a settlement that becomes a *Page 6 
court judgment when the judge sanctions it."Black's Law Dictionary 846 (7th ed. 1999). Thus, a "judgment settling claims" is an "agreed judgment" and an "agreed judgment" is "a settlement that becomes a court judgment." See id.
Here, Defendant is not asking this Court to sanction the Release or to enter the Release as a judgment. Instead, Defendant is simply seeking summary judgment in accordance with the terms of the Release. The Court concedes that granting summary judgment here will dispose of Plaintiff's claims. However, Plaintiff does not cite any case law or otherwise provide convincing support for the proposition that such a disposition is the same thing as a settlement. Indeed, summary judgment founded on a contract such as the Release only requires the Court to analyze the contract and enforce its terms; the Court does not need to approve such a contract, and certainly does not need to enter the contract as a judgment. Thus, founding summary judgment on a contract such as the Release is not entering a "judgment settling claims of discrimination."[6] Because Defendant is not asking this Court to enter a consent order or judgment settling claims of discrimination, the provisions of FEPA cited by Plaintiff neither render the Release invalid nor constrain this Court from founding summary judgment on the Release.
To bolster his reading of FEPA, Plaintiff distinguishes FEPA from federal employment law[7] and argues that FEPA vests the right to attorneys' fees with attorneys rather than parties. In Plaintiff's words, "[t]he difference in the treatment of attorneys' fees under the FEPA in contrast to other employment discrimination statutes is that attorneys' fee awards belong to the attorney under the FEPA, while they belong to the client/plaintiff under most other civil rights and *Page 7 
employment discrimination statutes." (Pl. May 5, 2009 Memo at 8.) However, Plaintiff's argument is not relevant to the issue of whether the Release is valid. It may be true that fees flow directly to the attorney under FEPA, but to suggest that this treatment of attorneys' fees somehow voids the Release is to depart substantially from the plain language of FEPA. There is still nothing in FEPA that voids the Release.
Having determined as a matter of law that the Release is valid and binding, this Court holds that Plaintiff has waived his claims against Defendant. Moreover, Plaintiff has violated the terms of the Release by bringing the present action. Accordingly, Defendant is entitled to summary judgment dismissing Plaintiff's claims against Defendant and granting Defendant's breach of contract counterclaim as to liability only.
 CONCLUSION
FEPA does not contain any provision that renders the Release void. FEPA also does not contain any provision that would constrain this Court from entering summary judgment on the Release. Accordingly, this Court grants Defendant's motion for summary judgment in its entirety.
Counsel for Defendant shall submit an order within ten days.
[1] This portion of the Release reads: "By signing this Waiver/Release, the Employee permanently waives, releases and discharges each and every one of the Release Parties of and from any and all claims, demands, actions, expenses and liabilities of any kind, including but not limited to attorneys' fees, which the Employee may have against them." (Release ¶ 2.1.)
[2] In addition to the inclusive language quoted above, the Release "includes, but is not limited to, any claims arising in any way from [Employee's] employment with the Employer or the termination of his employment" including claims under FEPA and "any state law prohibiting employment discrimination. . . ." (Release ¶ 2.2.)
[3] The record is developed more fully on the circumstances surrounding Plaintiff's signing of the release; however, Plaintiff argues only that the release is invalid because of the waiver of attorney's fees. Accordingly, this Court will not discuss more facts than are relevant to the narrow issue raised by Plaintiff.
[4] Indeed, Plaintiff's June 24, 2009 Reply Memorandum asserts repeatedly that Plaintiff relies only on FEPA in objecting to Defendant's motion. For example, Plaintiff states on page 2 of his Reply Memorandum that:
 Of course, the entire focus of Plaintiff's opposition to Defendant's Motion is that a severance package that contains a clause that compels a [waiver] of attorney's fees as a condition of receiving a severance when Plaintiff still has a case pending at either the Rhode Island Commission for Human Rights or Superior Court makes that waiver as it applies to the Fair Employment Practice[s] Act invalid, nonbinding, and unenforceable by either the RICHR or the Superior Court.
Plaintiff goes on to state on page 7 of his Reply Memorandum that the "common law test for determining whether a waiver is valid is not applicable when the provisions in a waiver are in violation of a statute, as Plaintiff explained in his opposition memorandum."
[5] A consent order is defined as "[a] court decree that all parties agree to." Black's Law Dictionary
419 (7th Ed. 1999).
[6] As Plaintiff himself notes, "[w]here there is no ambiguity, [the court is] not privileged to legislate, by inclusion, words which are not found in the statute." (Pl. May 5, 2009 Memo at 11 (quoting Wayne DistributingCo. v. R.I. Commission for Human Rights,673 A.2d 457 (R.I. 1996)).)
[7] In fact, Plaintiff's references to federal employment law are offered only for the purposes of demonstrating its inapplicability to this case and establishing FEPA as providing the appropriate framework for analysis. Because Plaintiff does not contest the validity of the Release under federal employment law, FEPA does in fact provide the appropriate framework for this Court's decision. Accordingly, the Court accepts Plaintiff's contention that federal employment law is irrelevant here and does not pass on any issue of federal law.